## Morrison v. Good.

*Suit for wages—Affidavit of defence—When sufficient—Averment of payments on account.*

In a suit for a balance alleged to be due for wages under an agreement to pay a stated sum per week, of which a stated sum had been paid on account, an affidavit of defence is sufficient which denies the contract alleged and sets up a different basis of payment and avers a different sum as paid on account without giving dates or amounts of such payments.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Feb. T., 1923, No. 89.

*Charles W. Eaby*, for rule; *H. Frank Eshleman*, contra.

HASSLER, J., Oct. 6, 1923.—In his statement the plaintiff alleges that he was employed by the week in the fall of 1922, by the defendant, to do hauling in and about certain cities, some of which are named, for the sum of $50 per week; that he worked for nine weeks from Aug. 17th to Oct. 17th; that he has been paid on account the sum of $289.80, leaving due the sum of $160.20.

In his affidavit of defence the defendant alleges that he did not employ the plaintiff to work for him by the week, as alleged in the statement, but did employ him in the fall of 1922 to haul his equipment to agricultural fairs in different counties, and agreed to pay him $50 for hauling the same to each fair. He alleges that the plaintiff hauled defendant's equipment to seven fairs, which he names, and on account of which he paid him the sum of $346.50, and that the plaintiff, during the time he was so engaged in doing said work, used $10 worth of oil and gas belonging to the defendant, which he asks to be set off against plaintiff's claim.

We are of the opinion that the affidavit of defence is sufficient. It denies the contract sued upon by the plaintiff, and shows that an entirely different one was made. If that is true, and we must so accept it in this proceeding, the plaintiff cannot recover, even though the defendant should be indebted to him on another and different contract. The plaintiff must recover, if at all, on the contract alleged in his statement.

The rule for judgment is discharged.

From George Ross Eshleman, Lancaster, Pa.